Attorneys for Plaintiff
CHARLES ROBINSON

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF VIRGINIA

Charles Robinson,

                    Plaintiff,

          vs.

Kyle Bartlow,
Mariah Gentry,
Joeybra LLC, and
Does 1-5, Inclusive

                    Defendants.

Case No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Charles Robinson ("Robinson"), by his attorneys, brings this action against Defendants, Kyle Bartlow, Mariah Gentry, Joeybra LLC, and Does 1-5, Inclusive (collectively referred to hereinafter as "Defendants"), and allege the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.  Headings included herein are solely to improve readability and do not restrict claims or allegations to a particular claim or section of this Complaint. Robinson expressly reserves the right to amend this Complaint.  Robinson alleges that:

## THE PARTIES

1.      Charles Robinson is an individual and a citizen of Great Britain.

2.      On information and belief, Defendant Kyle Bartlow ("Bartlow") is an individual having an address of 4546 19th Ave NE, Seattle, WA 98105-3353.

3.      On information and belief, Defendant Mariah Gentry ("Gentry") is an individual having an address of 1703 Lake Washington Blvd S, Seattle, WA 98144-4960.

4.      On information and belief, Defendant Joeybra LLC is a limited liability company organized under the laws of State of Washington that conducts business in this district and other locations, and has a place of business at 2314 243rd Pl SE. Bothell, WA 98021.

5.      Plaintiffs do not know the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 5, inclusive, which are not yet known to Plaintiff, which sues such Defendants by such fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as "DOE" is responsible in some manner

1

for the events and happenings referred to herein and that Plaintiff's damages as herein alleged were proximately caused by their conduct.  Any reference in this First Amended Complaint to Defendants includes DOE defendants.  Plaintiffs will amend this First Amended Complaint to allege the true names and capacities of DOES 1 through 5 when the same have been ascertained.

## JURISDICTION AND VENUE

6.      This Court arises under the Patent Laws of the United States, under Section 35 of the United States Code.  This Court has subject matter jurisdiction under 28 USC §§ 1331, 1338, and 1367.

7.      On information and belief, the Defendants have entered contracts in this district with distributors and those distributors have entered into contracts in this district with consumers.

8.      Venue is proper in this district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

9.      On information and belief, Defendants are subject to this Court's specific and/or general personal jurisdiction, including by and on account of its direct sales and other activities over its website, pursuant to due process and/or the Virginia Long Arm Statute, and due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from sales of products and/or services provided to persons in this Judicial District.

## INFRINGEMENT OF U.S. PATENT NO. D448,541

10.     U.S. Patent D448,541 (the "'541 Patent"), entitled "Brassiere" is drawn to an ornamental design for a brassiere comprising a pocket.

11.     The patent application which matured into the '541 Patent was prepared and filed with the United States Patent and Trademark Office on November 5, 1999 in the name of Robinson.

12.     After search and examination of the subject patent application, the United States Patent and Trademark Office allowed the subject application and issued the '541 Patent on October 2,2001.  A true and correct copy of the '541 Patent is attached as Exhibit A.

13.     Upon information and belief, Defendants have been and now are, literally and /or under the doctrine of equivalence, knowingly, intentionally, and willfully directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '541 Patent in the Commonwealth of Virginia, in this judicial district, and elsewhere in the United States by making, having made, importing, offering to sell and/or selling in the United States products, including without limitation, the Joeybra product, the design of which is covered by the '541 Patent.  See Exhibit B, annexed hereto.

14.     Upon information and belief, Defendants profit and otherwise benefit from said acts of infringement of the '541 Patent, including profits on account of convoyed sales.

15.     Such acts constituting infringement of the '541 Patent have injured Robinson.  Defendants are thus liable to Robinson for infringement of the '541 Patent pursuant to 35 U.S.C. § 271.

16.     Upon information and belief, Defendants are and have been actually and/or constructively aware of the '541 Patent and Defendants' infringement of the '541 Patent is and has been willful, and Robinson will request such a finding at the time of trial.

17.     As a result of Defendants' infringement of the '541 Patent, Robinson has suffered monetary damages in an amount not yet determined, and will continue to

3

suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

18.     Defendants are continuing such acts of infringement, as shown by the Webpage of Exhibit C.

19.     Defendants' actions have caused, and will continue to cause, irreparable harm to Robinson unless permanently enjoined.  Robinson has no adequate remedy at law.

20.     Unless a permanent injunction is issued enjoining the Defendants and their agents, employees, representatives, affiliates, and all others acting with or in concert with any of them from infringing the '541 Patent, Robinson will be greatly and irreparably injured.

## UNFAIR COMPETITION

21.     Robinson incorporates by reference the allegations of Paragraphs 1-20.

22.     On information and belief, Defendants' acts, complained of above, constitute violation of Robinson's rights under the common law and statutory law of Virginia.

## REQUEST FOR RELIEF

A.     A judgment in favor of Robinson that the '541 Patent is good and valid at law and that Defendants have infringed, directly and/or  indirectly, by way of inducing and/or contributing to the infringement of the '541 Patent, and that such infringement was willful.

B.     A preliminary and permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with any of them, from infringement, inducing the infringement of, or contributing to the infringement of the '541 Patent.

4

C.      Requiring Defendants to notify their customers in writing that they are not to sell products infringing Robinson's design patent rights, and that said customers are to impound or return all such products to Defendants, including without limitation, the Joeybra.

D.      That Defendants account for all gains, profits, and advantages derived by Defendant's infringement of the '541 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to Robinson all damages suffered by Robinson and/or Defendant's total profit from such infringement.

E.      A judgment and order requiring Defendants to pay Robinson damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '541 Patent as provided under 35 U.S.C. § 284.

F.      An award to Robinson for enhanced damages as provided under §§ 284 and 289.

G.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285.

H.      Awarding Robinson reasonable attorney's fees, costs, expenses, and interest pursuant to 35 U.S.C. § 285.

I.      That Robinson be granted such further relief as the Court may deem appropriate.

## **JURY DEMAND**

Robinson hereby request as trial by jury.

Respectfully submitted,

Dated:  May 21, 2012

by  /S/ Dale R. Jensen
Dale R. Jensen, Esquire - VSB #071109
Zobrist Law Group
Attorneys for Plaintiff

CHARLES ROBINSON
(mailing) P.O. Box 4724, Charlottesville, VA  22905
(physical) 1900 Arlington Blvd, Suite B, Charlottesville, VA  22903
(434) 977-9666
(434) 977-0326 – FAX
e-mail:  djensen@zoblaw.com